IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENNY M. ANAYA,

        Plaintiff,

v.                                                                              No. 18cv145 JCH/GJF

CITY OF SOCORRO,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
## DISMISSING THE COMPLAINT WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 12, 2018 ("Application") and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 12, 2018 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income is $1,500.00 in retirement;[1] and (ii) Plaintiff's monthly expenses total $2,706.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly expenses exceed his monthly income.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff alleges that he was wrongfully terminated, and that "incident #3 was not my fault. I told my supervisor about the trailer hitch. The Director Supervisor Mike Lucero went to City of Socorro safety manual & terminated me. Negligence & misconduct." Complaint at 3. Plaintiff

---

[1] Plaintiff also states his average monthly income during the past 12 months included $1,500.00 from employment, but the Complaint indicates that Plaintiff's employment has been terminated.

also alleges "I work[ed] for the City of Socorro for twenty four years and two months. I am 70 years old. I shouldn't of gotten this kind of treatment from him. This is discrimination on him." Complaint at 4. There are no other factual allegations in the Complaint.

The Court will dismiss Plaintiff's wrongful termination/discrimination claim without prejudice for failure to state a claim. Plaintiff makes the conclusory allegation that he was discriminated against. However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although Plaintiff does not expressly identify the type of alleged discrimination, it appears that Plaintiff is asserting age discrimination because he states he is 70 years old and should not have received "this kind of treatment." Complaint at 4. Plaintiff has not made sufficient factual allegations to support an age discrimination claim. *See Hinds v. Sprint/United Management Co.*, 523 F.3d 1187, 1195 (10th Cir. 2008) (for the Court to allow a claim to proceed, a plaintiff must allege sufficient evidence, which for an age discrimination claim consists of showing that plaintiff: (i) was within a protected age group, (ii) was doing satisfactory work, (iii) was discharged despite the adequacy of his or her work, and (iv) has some evidence that the employer intended to discriminate against him, such as showing that the employer discharged the plaintiff but retained a younger employee who held a similar position).

Having dismissed Plaintiff's only claim without prejudice, the Court will dismiss Plaintiff's Complaint without prejudice. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim over which the Court has jurisdiction, and which includes the address of every defendant named in the amended complaint.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 12, 2018, is **GRANTED;** and

(ii) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 12, 2018, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**